O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN   3107-0
JEFFERY S. FLORES   8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Attorneys for Debtor
HAWAII BIOTECH, INC.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | Case No. 09-02908 (Chapter 11) |
|---|---|
| HAWAII BIOTECH, INC., | *Hearing:* |
| Debtor. | Date: July 19, 2010<br>Time: 10:30 a.m.<br>Judge: Honorable Robert J. Faris |

**DEBTOR'S REPORT ON ITS MOTION
TO SELL ASSETS OF THE ESTATE FREE AND CLEAR**

Hawaii Biotech, Inc. ("HBI") and its Chief Executive Officer, Elliot Parks, submit this Report on the Debtor's Motion to Sell Assets of the Estate Free and Clear pursuant to 11 U.S.C. § 363(b), (f) and (m).

## I. BACKGROUND

On December 11, 2009, HBI filed its petition for relief and continued to operate as Debtor-in-Possession. On December 31, 2009, this Court entered its Final Order Re: Debtor's Motion to Borrow Funds as Secured and Superpriority Administrative Priority Expense Pursuant to Section 364(c) and (d) of the Bankruptcy Code ("DIP Financing").

The Debtor continued to operate as the Debtor-in-Possession and assumed various executory contracts, including the clinical trials at St. Louis University. See Docket 103.

On June 9, 2010, the Debtor filed its Amended Motion to Authorize Sale (i) Approve Certain Bidding Procedures and (ii) Sell Assets of the Estate Free and Clear of All Liens, Claims and Encumbrances, Pursuant to 11 U.S.C. 363(b), (f) and (m) (Docket 143). On June 18, 2010, the Debtor filed its Motion to Approve to (i) Assign Certain Executory Contracts Previously Assumed by the Debtor, and (ii) Assume and Assign Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of its Assets (11 U.S.C. 365).

After the various motions, the Court, on July 6, 2010, entered its Order Granting Motion to Approve Certain Bid Procedures. All qualified bidders

U.S. Bankruptcy Court - Hawaii #09-02908 Dkt # 190 Filed 07/16/10 Page 2 of 9

had to deposit a check for $200,000.00, or the equivalent on or before July 12, 2010 and the auction is scheduled for July 19, 2010.

The following documents and pleadings have been filed in Response or Reply to the Debtor's Motion:

| Docket No. | Date | |
|---|---|---|
| 172 | 07/12/2010 | Dengue Vaccine of the International Vaccine Institute's Response Statement Regarding Debtor's Motion to Sell Assets Free and Clear |
| 173 | 07/12/2010 | HARC Property Owner LLC's Objection to Proposed Cure Amount For Real Property Lease |
| 174 | 07/12/2010 | Declaration of Paul Stodulski in Support of HARC Property Owner LLC's Objection to Proposed Cure Amount For Real Property Lease; |
| 175 | 07/12/2010 | HARC Property Owner LLC's Objection to Notice of Sale of Assets and Bid Procedures |
| 178 | 07/12/2010 | Interested Parties Advantage Capital Partners and Paul Alston's Memorandum in Opposition to Hawaii Biotech, Inc.'s Notice of Sale of Assets and Bid Procedures |
| 182 | 07/16/2010 | Pediatric Dengue Vaccine Initiative of the International Vaccine Institute's Reply to Debtor's Reply to PDVI's Statement Regarding Debtor's Motion to Sell Assets Free and Clear |
| 185 | 07/16/2010 | Reply of Mark H. Bogart, Trustee, to HARC Property Owner LLC's Objection to Notice of Sale of Assets and Bid Procedures |

U.S. Bankruptcy Court - Hawaii #09-02908 Dkt # 190 Filed 07/16/10 Page 3 of 9

| | | |
|---|---|---|
| 186 | 07/16/2010 | Declaration of Mark H. Bogart, Trustee, in Support of Reply to HARC Property Owner LLC's Objection to Notice of Sale of Assets and Bid Procedures |
| 187 | 07/16/2010 | University of Hawaii's Response to Debtor's Supplemental Cure Notice to Counterparties to Potentially Assumed/Assigned Executory Contracts and Unexpired Leases |

A. **Status of Auction**

Both prior to and after the filing of the petition, the Debtor's management approached a significant number of persons and entities about their potential interest in investing in or working with the HBI and, after the filing, more particularly, funding HBI or acquiring an equity interest in the company.

After the filing of the Motion for the Sale of Assets, the Debtor's management has again approached parties who had expressed an interest in the company, pre and post-petition, and others in the biotech investment community.

The Debtor has distributed the court-approved confidentiality agreements to various entities for their participation in the bidding process. The Debtor will submit in the Declaration of Elliot Parks, Ph.D., under 11 U.S.C. § 107(b), the identity of the following categories of entities contacted by the Debtor, including:

    (a)    Investment bankers;

    (b)    Multinational pharmaceutical and vaccine companies;

(c) Small corporations or mid-market biotech and vaccine companies; and

(d) Private biotech companies.

From these entities, the Debtor received several signed Confidentiality Agreements. See Declaration of Elliot Parks, Ph.D.

**B. Status of Company**

The Debtor has to move immediately to sell the assets of the company.

1. <u>Lease with HARC Property Owner LLC</u>. On March 19, 2010, the Lessor and the Debtor entered into a Stipulation to Extend Time to Assume or Reject Unexpired Lease of Non-Residential Property. The extension of time to assume or reject the lease was to July 9, 2010. After July 9, 2010, the Debtor's lease may be deemed rejected. The Debtor does not intend to assume the lease for the premises, since (1) the lease by its own terms expires on August 31, 2010, and (2) the "cure" amount is approximately $450,000.00. However, the Debtor will reserve the right to contest the amount of the delinquent rent owed to HARC Property Owner LLC. As per the Stipulation and 11 U.S.C. § 365(d)(4), the HARC lease maybe "deemed rejected" as of July 10, 2010, and subject to the provisions of this Court's Order of July 6, 2010, regarding the payment of the administrative expenses to HARC Property Owner LLC.

2.  Payroll and Other Expenses.

The Debtor will be able to fund its payroll through July 15, 2010. The Debtor has sufficient funds to make the July 15, 2010 payroll, which is being paid with an $80,000.00 DIP advance. After the payment of the July 15, 2010 payroll, HBI will have less than one week's worth of cash to satisfy all of its other costs and expenses. The Debtor is expecting a PanBio/Alere second quarter royalty payment of $90,000.00 on or about July 31, 2010, which would fund one additional payroll period but not satisfy the other expenses. Accordingly, making payroll after July 15, 2010 is highly problematic. Even with the expected quarterly royalty payment, there would be very little to pay HBI's regular on-going expenses.

3.  IVI License.

HBI is a party to a Memorandum of Agreement and Standby License Agreement with the Pediatric Dengue Vaccine Initiative of the International Vaccine Institute ("PDVI/IVI"). PDVI/IVI has filed a Reply to the Motion to Sell assets and the status and condition of the PDVI/IVI arrangement is a matter of determination by the court, or the successful bidder.

4.  Reasons for Sale.

The Debtor's dengue fever vaccine is a potentially valuable vaccine and the Debtor is in the middle of a clinical trial being conducted by personnel at

224215v1/09-234/JKG                                6

U.S. Bankruptcy Court - Hawaii  #09-02908  Dkt # 190  Filed 07/16/10  Page 6 of 9

St. Louis University. The Debtor has engaged consultants and clinical trial "principal investigators". With all of those expenses and despite reducing the staff at the Aiea facility to three (3) days a week and imposing a 60% reduction in wages and salaries, the Debtor has run out of operating working capital. To keep the clinical trial going and produce a successful vaccine, the Debtor has to put the trials in the hands of well-qualified entities.[1] In the public interest, the Debtor has decided to sell its assets and as a "going concern" to a qualified purchaser. The Debtor's current premises lease is now "rejected," and payment of the payroll beyond July 15, 2010 is questionable. The Debtor expects a quarterly royalty payment, but that is sufficient to cover one semi-monthly payroll. There would be insufficient funds to pay other on-going expenses.

5. <u>Sale is a § 11 U.S.C. § 363(m) "Good Faith" Transaction.</u>

The Debtor has moved for § 363(m) designation of the sale. In this case, the Debtor has engaged in an extensive search for qualified bidders, including the "stalking horse" bidder, HBI Acquisition Corp. But the § 363(m) designation is particularly important in this case. With a § 363(m) designation, if an appeal is taken, the sale and transfer of assets to the § 363(m) purchaser cannot be vacated

---

[1] The $2,025,000.00 authorized § 364(c) and (d) advance has been used in the amount of $1,630,203 (including interest).

224215v1/09-234/JKG 7

U.S. Bankruptcy Court - Hawaii #09-02908 Dkt # 190 Filed 07/16/10 Page 7 of 9

and an appeal from a § 363(m) sale order would be equitably moot, since the assets could not be divested from the § 363(m) purchaser.

The § 363(m) designation is critical to an effective transition in this case because the successful bidder must assume the agreements to continue with the clinical trials, and those trials must continue uninterrupted without the threat that the sale may be reversed and vacated on appeal and the assets and agreements divested from the purchaser.

The Section 363(m) designation is necessary in the public interest to assure that the successful bidder is guaranteed that even if the sale order is appealed, the successful bidder retains the assets, including the right to pursue the on-going clinical trials. In the public interest, the sale must be given a § 363(m) designation. However, in addition to the "public interest" which requires a § 363(m) designation, the other § 363(m) requirements are also satisfied. See 3 <u>Collier on Bankruptcy</u>, ¶ 363.11 (15th ed. Rev. 2010), setting forth "good faith" standard ("person who buys property for value without knowledge of adverse claim:").

The § 363(m) finding requires a showing that there was no fraud, collusion between the purchaser and other bidders, or an attempt to take grossly unfair advantage of the other bidders. It speaks to the integrity of the successful bidder's conduct during the course of the sale proceedings. On this standard, both

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 190   Filed 07/16/10   Page 8 of 9

the "stalking horse" bidder, HBI Acquisition Corp. and the subsequent qualifying bidder qualify as § 363(m) purchasers.

## II. CONCLUSION

Hawaii Biotech, Inc. has satisfied all of the requirements for authority to sell the assets of the Estate, free and clear of the various liens and encumbrances and requests that this Court approve the winning bidder as the § 363(b) purchaser of the assets described in the Amended Asset Purchase Agreement.

Furthermore, the Debtor, as per the Declaration of Elliot Parks, requests a determination that the sale is entitled to a 11 U.S.C. § 363(m) designation.

DATED: Honolulu, Hawaii, July 16, 2010.

/s/ Jerrold K. Guben
JERROLD K. GUBEN
JEFFERY S. FLORES
Attorneys for Debtor
HAWAII BIOTECH, INC.