ROBERT G. KLEIN      [BAR #1192]
JONATHAN H. STEINER      [BAR #6084]
McCORRISTON MILLER MUKAI
MACKINNON LLP
Five Waterfront Plaza, Fourth Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email: steiner@m4law.com

COOLEY LLP
ROBERT L. EISENBACH III (CA State Bar No. 124896)
J. MICHAEL KELLY (CA State Bar No. 133657)
GREGG S. KLEINER (CA State Bar No. 141311)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222
Email:  reisenbach@cooley.com, kellyjm@cooley.com, and kleinergs@cooley.com

Attorneys for
HBI ACQUISITION CORP.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII BIOTECH, INC.,<br><br>　　　　　　　Debtor. | Case No. 09-02908<br>(Chapter 11)<br><br>*Hearing:*<br>Date:　July 19, 2010<br>Time:　10:30 a.m.<br>Judge:　Honorable Robert J. Faris |

**DECLARATION OF MARK H. BOGART IN SUPPORT OF SALE OF ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

I, Mark H. Bogart, declares as follows:

1. I am the President of HBI Acquisition Corp., the proposed buyer and stalking horse bidder (the "Buyer") under that certain Asset Purchase Agreement with Hawaii Biotech, Inc. (the "Debtor"). I am also the Trustee of the Mark H. Bogart Revocable Trust, as agent ("Agent") for certain debtor in possession lenders (the "DIP Lenders") under the Amended and Restated Postpetition Loan and Security Agreement dated as of December 31, 2009 ("DIP Loan Agreement"), approved by this Court's December 31, 2009 Final Order Re: Debtor's Motion to Borrow Funds as Secured and Superpriority Administrative Priority Expense Pursuant to Sections 364(c) and (d) of the Bankruptcy Code ("Final DIP Order") [Docket No. 88]. I make this Declaration in support of the Debtor's motions to sell assets and to assume and assign executory contracts and unexpired leases to the Buyer or other successful bidder. Except as otherwise stated, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto.

2. Buyer is a Delaware corporation formed for the purpose of acquiring the Purchased Assets (as defined in the Asset Purchase Agreement) from the Debtor. Buyer has and will have sufficient capital to complete the acquisition of the Purchased Assets, to pay all consideration required under the Asset Purchase Agreement, and to continue operation of the Purchased Assets by the Buyer

following the closing. I am the Buyer's President and majority shareholder holding approximately 75% of the Buyer's shares. Buyer's minority shareholders, none of which hold more than 17% of Buyer's shares, include entities affiliated with Debra Guerin-Beresini and Robert J. Robinson, who serve as directors of the Debtor.

3. The Asset Purchase Agreement between the Buyer and the Debtor is subject to certain conditions set forth therein, including but not limited to approval by this Court. The Asset Purchase Agreement constitutes all of the agreements between the parties with regard to Buyer's proposed acquisition of the Purchased Assets (as defined in the Asset Purchase Agreement). The Asset Purchase Agreement is the result of negotiations by me, certain of the Buyer's attorneys at McCorriston Miller Mukai MacKinnon LLP and Cooley LLP, on the one hand, and representatives of the Debtor, its management, and inside and outside counsel, on the other hand. The Asset Purchase Agreement was negotiated, proposed, and entered into by Buyer without collusion, in good faith, as a result of arms-length bargaining, and for fair value, with the parties represented by independent counsel.

4. The Asset Purchase Agreement sets forth all of the consideration that Buyer has agreed to pay for the Purchased Assets, including a substantial credit bid against the amounts advanced for the Debtor's operations since filing this bankruptcy case and currently outstanding under the DIP Loan Agreement, cash

payment of certain cure amounts owed under executory contracts and unexpired leases, including a cure payment of $135,575 to Dr. Elliot Parks, the Debtor's Chief Executive Officer, upon assumption and assignment of his Employment Agreement, assumption of up to $130,000 in other employee-related liabilities, and assumption of up to $50,000 for the costs of preparing certain tax returns and the payment of certain employment taxes, all as specifically set forth in the Asset Purchase Agreement. There are no side-agreements, arrangements or understandings that are not disclosed herein or in the Asset Purchase Agreement. Under the Asset Purchase Agreement, Buyer has the right to employ the Debtor's management and employees, on terms and conditions satisfactory to Buyer, as more fully described in the Asset Purchase Agreement. Although Buyer anticipates making such offers of employment, including by taking assignment of the Employment Agreement of Dr. Parks, as of the date of this Declaration Buyer has not yet had discussions with Debtor's management or employees about such possible employment, and no offers of employment have yet been made.

5. It is an express condition of the Asset Purchase Agreement that the order approving the sale include, among other things, findings of fact and conclusions of law that (i) the Purchased Assets shall be sold to Buyer free and clear of all Encumbrances (as defined in the Asset Purchase Agreement); and (ii)

Buyer is not assuming or acquiring any of the Debtor's liabilities except as specifically provided in the Asset Purchase Agreement.

6. Based on my involvement in this transaction, it is my belief that (i) the Asset Purchase Agreement was negotiated in good faith between the parties and is an arms-length transaction; (ii) the price that Buyer is to pay for the Purchased Assets is the fair market value for those assets and is substantially higher than their liquidation value; (iii) there has been no fraud or collusion between Buyer and any other party with regard to this transaction, including other potential bidders, the Debtor, the Debtor's creditors, their respective agents, attorneys, or advisors; and (iv) neither the Asset Purchase Agreement nor the sale process is an attempt by Buyer to take unfair advantage of the Debtor, other potential bidders, or any other party.

7. Buyer requests the Court to find that Buyer is a "good faith" purchaser pursuant to 11 U.S.C. §363(m) and to include such a finding in the order approving the sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Honolulu, Hawaii this 16th day of July, 2010.

/s/ Mark H. Bogart
MARK H. BOGART