O'CONNOR PLAYDON & GUBEN LLP
A LIMITED LIABILITY LAW PARTNERSHIP

JERROLD K. GUBEN   3107-0
JEFFERY S. FLORES   8691-0
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com

Attorneys for Debtor
HAWAII BIOTECH, INC.

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII BIOTECH, INC.,<br><br>          Debtor. | Case No. 09-02908<br>(Chapter 11)<br><br>_Hearing:_<br>Date:  June 19, 2010<br>Time:  10:30 a.m.<br>Judge:  Honorable Robert J. Faris<br><br>_Docket Reference 152_ |

### SUBMISSION OF REVISED PROPOSED
### ORDER GRANTING DEBTOR'S MOTION TO (I) SELL ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M), AND (II) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR LEASES PURSUANT TO 11 U.S.C. § 365; EXHIBIT A

Hawaii Biotech, Inc. ("HBI"), the Debtor, lodges this revised

proposed form of Order Granting Debtor's Motion to (i) Sell Assets of the Estate

Free and Clear of All Liens, Claims and Encumbrances, Pursuant to 11 U.S.C. § 363(b), (f), and (m), and (ii) Assume and Assign Certain Executory Contracts and/or Leases Pursuant to 11 U.S.C. § 365 ("Order").

The revised proposed form of Order responds to the Statement filed by the United States of America National Institute of Health (Docket 164), as to certain licenses and intellectual property licensed to HBI.

The language at the new page 10, ¶ S (underscored) and page 15, ¶8 (underscored), reflects the agreed-upon language by the United States of America, HBI and Merck Sharp & Dohme Corp. ("Merck"), thereby resolving the issues raised by the United States of America's Position Statement (Docket 164).

DATED: Honolulu, Hawaii, August 3, 2010.

JERROLD K. GUBEN
JEFFERY S. FLORES
Attorneys for Debtor
HAWAII BIOTECH, INC.

JERROLD K. GUBEN 3107-0
JEFFERY S. FLORES 8691-0
O'Connor & Guben LLP
Makai Tower, 24th Floor
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
jkg@opglaw.com
jsf@opglaw.com
Attorney for Debtor Hawaii Biotech, Inc.

JAMES M. WILTON
Ropes & Gray LLP
One International Place
Boston, Massachusetts 02110-2624
Telephone: (617) 951-7474
Facsimile: (617) 235-0398
Email: James.Wilton@ropesgray.com
Attorney for Merck Sharp & Dohme Corp.

SIMON KLEVANSKY 3217-0
Klevansky Piper Van Etten LLP
1003 Bishop Street, Suite 770
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 536-0221
Email: SKLEVANSKY@KPVLAW.COM
Attorney for Merck Sharp & Dohme Corp.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII BIOTECH, INC.,<br><br>             Debtor. | Case No. 09-02908<br>(Chapter 11)<br><br>HEARING:<br>Date:   July 19, 2010<br>Time:  10:30 a.m.<br>Judge: Honorable Robert J. Faris<br><br>Related Docket No.: 152 |

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed   08/03/10   Page 3 of 26

**ORDER GRANTING DEBTOR'S MOTIONS TO (I) SELL ASSETS OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M) AND (II) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR LEASES PURSUANT TO 11 U.S.C. § 365 AND EXHIBITS "A" AND "B"**

Upon the motions of Hawaii Biotech, Inc. ("Debtor"), as amended, for the entry of an order (the "Order") (i) seeking approval of the sale of substantially all of its assets ("Sale Motion") and (ii) to assume and assign certain executory contracts and unexpired leases and to assign certain previously assumed executory contracts and unexpired leases ("Assignment Motion" and, collectively with the Sale Motion, the "Motions")[1] pursuant to Bankruptcy Code sections 363, and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014 (a) approving the Asset Purchase Agreement attached hereto as **Exhibit A** (the "Asset Purchase Agreement") between the Debtor and the Successful Bidder, Merck Sharp & Dohme Corp. ("Successful Bidder" or "Purchaser"), to acquire substantially all of the assets of the Debtor; (b) authorizing the sale of the Purchased Assets, free and clear of all Encumbrances; and (c) authorizing the assumption and assignment of the Assumed Agreements and the Additional Assumed Agreements as set forth on **Exhibit B** attached hereto (together, the "Closing Date Assumed Agreements"), to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motions or the Asset Purchase Agreement, as applicable, provided that "Encumbrance" shall have the meaning set forth in the Asset Purchase Agreement but shall not include any Permitted Encumbrances.

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed  08/03/10   Page 4 of 26

the Successful Bidder; and upon the Debtor's Reply to the Pediatric Dengue Vaccine Initiative of the International Vaccine Institute's Statement Regarding Debtor's Motion to Sell Assets Free and Clear; and this Court having determined that the relief requested in the Motions is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor:

NOW, THEREFORE, THE COURT HEREBY FINDS THAT[2]:

**A.** This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

**B.** This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Notice of the Sale Motion, having been given as described below, is timely, adequate, sufficient and proper under the circumstances.

**C.** On July 7, 2010, the Court entered its Order Granting Debtor's Motion to approve certain bidding procedures (the "Bidding Procedures Order"). The Bidding Procedures Order approved certain bidding procedures (the "Bid Procedures") to be used with regard to the Debtor's proposed sale of substantially all of its assets, following a hearing on June 14, 2010, at which the Motion for approval of the Bid Procedures was granted.

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed  08/03/10   Page 5 of 26

**D.**     The Debtor has sufficiently marketed the Purchased Assets that are subject to the Asset Purchase Agreement in good faith under the circumstances to secure the highest and best offer therefor.  The terms and conditions set forth in the Asset Purchase Agreement and the transactions contemplated thereby represent fair and reasonable terms and conditions, including the amount of the purchase price, constitute the highest and best offer obtainable for the Purchased Assets and are fair and adequate.

**E.**     An auction was held on July 19, 2010 (the "Auction") in accordance with the Bidding Procedures Order.  At the Auction, the Debtor selected Merck Sharp & Dohme Corp. (hereinafter the, "Purchaser") as the Successful Bidder (as such term is defined in the Bidding Procedures Order).

**F.**     The Debtor has provided notice of the Bid Procedures, the Auction, the Sale Motion, the Assignment Motion and the hearing on the foregoing as set forth in the Certificate of Service dated July 2, 2010 (Docket no. 160) and the Certificate of Service dated July 12, 2010 (Docket no. 177).  Accordingly, proper, timely, adequate and sufficient notice of the Bid Procedures, the Auction, the Sale Motion, the Assignment Motion and the hearing on the foregoing has been provided in accordance with sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, and no other or further notice is

---

2    Findings of fact shall be construed as conclusions of law and conclusions of law shall be

22427_2.DOC
[24990989_4.25159                    4                    [24990989_4.DOC-4-

U.S. Bankruptcy Court - Hawaii  #09-02908  Dkt # 208  Filed  08/03/10  Page 6 of 26

required. To the extent that service of notices was not in strict compliance with the Bid Procedures, such notice was nevertheless adequate and appropriate and provided the recipients of such notices with ample opportunity to respond to the Motions.

     **G.**     The Debtor has complied in all material respects with the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Hawaii.

     **H.**     A reasonable opportunity to object or be heard with respect to the Motions and the relief requested therein, and the rights of third parties to submit higher or otherwise better offers for all or any portion of the Purchased Assets in accordance with the Bidding Procedures Order and otherwise, have been afforded to all interested persons and entities.

     **I.**     The Bid Procedures afforded a full, fair and reasonable opportunity for any entity to make a higher or otherwise better offer to purchase the Purchased Assets.

     **J.**     The Debtor and the Purchaser have complied with the Bid Procedures in all material respects or as otherwise approved or authorized by this Court. The bidding and auction process was non-collusive, fair and reasonable, conducted in good faith and resulted in the Debtor's obtaining the highest available value for the Purchased Assets.

---

construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

**K.**     The Debtor has reasonably exercised its sound business judgment in determining (1) to enter into the Asset Purchase Agreement and (2) to sell and transfer the Purchased Assets and to assume and assign the Closing Date Assumed Agreements[3] to the Purchaser.  The relief requested in the Motions are in the best interests of the Debtor's estate.

**L.**     The Asset Purchase Agreement was negotiated, proposed and entered into by the Debtor and the Purchaser without collusion, in good faith and from arm's-length bargaining positions.  The Asset Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States or any state, territory, possession thereof, or the District of Columbia.  Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Asset Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" or "affiliate" of the Debtor (as such terms are defined in the Bankruptcy Code).  The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby in consummating the transactions contemplated by the

---

[3]     Nothing herein shall constitute a finding that a Contract is an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.  To the extent a Contract is not executory or unexpired within the meaning of the Bankruptcy Code, it shall not be considered a Contract or Lease, but shall be subject to and covered by the provisions of the Asset Purchase Agreement, and in particular it and any rights thereunder shall be deemed to be purchased "contracts" and "assets" within the meaning of the Asset Purchase Agreement.

U.S. Bankruptcy Court - Hawaii  #09-02908  Dkt # 208  Filed  08/03/10  Page 8 of 26

Asset Purchase Agreement. The Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Asset Purchase Agreement at all times after the entry of this Order.

**M.**     The consideration to be provided by the Purchaser for the Purchased Assets pursuant to the Asset Purchase Agreement (i) is fair and reasonable, (ii) represents the highest and best offer for the Purchased Assets and (iii) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession thereof and the District of Hawaii.

**N.**     The Purchased Assets constitute property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. Upon the entry and effectiveness of this Order, the Debtor shall have full power and authority to execute and deliver the Asset Purchase Agreement and all other documents contemplated thereby and no further consents or approvals will be required for the Debtor to consummate the transactions contemplated by the Asset Purchase Agreement.

**O.**     With respect to any and all entities asserting any options, pledges, security interests, claims, equities, reservations, third party rights, rights of first refusal, voting trusts or similar arrangements, liens, trusts or deemed trusts

(whether contractual, statutory or otherwise), charges, including court-ordered

charges, or other encumbrances or restrictions on or conditions to transfer or

assignment of any kind (including, without limitation to the generality of the

foregoing, restrictions or conditions on or to the transfer, assignment or renewal of

licenses, permits, registrations and authorizations or approvals of or with respect to

governmental units and instrumentalities), whether direct or indirect, absolute or

contingent, matured or unmatured, liquidated or unliquidated, perfected, registered

or filed, secured or unsecured, on or against the Purchased Assets (collectively, the

"Encumbrances"), either (i) such entity has consented to the sale and transfer,

license and assignment, as applicable, free and clear of its Encumbrance, with such

Encumbrance to attach to the proceeds of such sale and transfer, license and

assignment, as applicable, respectively, (ii) applicable nonbankruptcy law permits

the sale of the Purchased Assets free and clear of such Encumbrance, (iii) such

Encumbrance is in bona fide dispute, or (iv) such entity could be compelled, in a

legal or equitable proceeding, to accept a money satisfaction of such Encumbrance,

so that the conditions of section 363(f) of the Bankruptcy Code have been met.   In

particular, the Purchased Assets may be transferred free and clear of any liens,

claims, Encumbrances or interests of the Pediatric Dengue Vaccine Initiative of the

International Vaccine Institute ("PDVI-IVI") pursuant to Bankruptcy Code §

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 10 of 26

365(n), a Stand-By License Agreement dated March 15, 2008 only with the consent of PDVI-IVI, which has been given by PDVI-IVI.

**P.** Upon the Closing of the Asset Purchase Agreement, the sale and transfer of the Purchased Assets to the Purchaser shall be a legal, valid and effective transfer of the Purchased Assets to the Purchaser, and shall vest in the Purchaser all right, title and interest in the Purchased Assets in accordance with the terms and conditions of the Asset Purchase Agreement free and clear of any Encumbrances including, without limitation, any claims pursuant to any successor or successor-in-interest liability theory, under sections 105(a), 363(f) and 365 of the Bankruptcy Code, or otherwise.

**Q.** Except as expressly set forth in the Asset Purchase Agreement with respect to Assumed Liabilities and Permitted Encumbrances, the Purchaser shall not have any liability for any (i) obligation of the Debtor or (ii) claim against the Debtor related to the Purchased Assets by reason of the transfer of such Purchased Assets to the Purchaser. The Purchaser shall not be deemed, as a result of any action taken in connection with the purchase of the Purchased Assets or otherwise, to: (1) be a successor to the Debtor (other than with respect to the Assumed Liabilities and any obligations arising under the Closing Date Assumed Agreements after the Closing); or (2) have, de facto or otherwise, merged with or into the Debtor. The Purchaser is not acquiring or assuming any liability, warranty

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 11 of 26

or other obligation of the Debtor, except as expressly set forth in the Asset Purchase Agreement or any of the Closing Date Assumed Agreements to the extent assumed by the Purchaser at Closing.

**R.**    The Purchaser does not constitute a successor to the Debtor because: (1) except as otherwise set forth in the Asset Purchase Agreement, the Purchaser is not expressly or impliedly agreeing to assume any of the Debtor's liabilities; (2) the transactions contemplated by the Asset Purchase Agreement do not amount to a consolidation, merger or a de facto merger of the Debtor and the Purchaser; (3) the Purchaser is not merely a continuation of the Debtor and (4) the transactions contemplated by the Asset Purchase Agreement are not being entered into fraudulently or in order to escape liability from the Debtor's debts.

**S.**    The Debtor and Purchaser agree that assignment by the Debtor to the Purchaser of any NIH licenses or contracts in this bankruptcy case requires the consent of NIH. Nevertheless, the National Institutes of Health ("NIH") hereby consents to the assumption by the debtor and assignment to Purchaser of (i) Patent License Agreement – Non-Exclusive between the NIH and Hawaii Biotech, Inc. (f/k/a Hawaii Biotechnology Group, Inc.) dated February 4, 1999 (OTT Release No. L-370-98/0), and (ii) Non-Exclusive Patent License Agreement for Internal Commercial Use between the NIH, the FDA and Hawaii Biotech, Inc. dated January 2006 (NIH License No. L-036-2006/0) (collectively, the "NIH 1998 and

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 12 of 26

2006 Licenses").  Following assignment of the NIH 1998 and 2006 Licenses to Purchaser, any further assignment by Purchaser shall be governed by the terms of these contracts and applicable non-bankruptcy law.

**T.**      S. The Debtor may assume the Closing Date Assumed Agreements and assign each of them to the Purchaser pursuant to section 365 of the Bankruptcy Code free and clear of all Encumbrances.  Notwithstanding anything in this Order to the contrary,  the Purchaser may, up until the Closing and in its sole discretion, remove any Contract of Seller from the list of Closing Date Assumed Agreements. The assumption and assignment of the Closing Date Assumed Agreements pursuant to the terms of this Order is integral to the Asset Purchase Agreement and is in the best interests of the Debtor's estate, the Debtor's creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtor.

**U.**      T. Except as indicated with respect to cure amounts described as disputed, the respective cure amount set forth on **Exhibit B** with respect to each of the Closing Date Assumed Agreements is the sole amount required to be paid under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under each of the Closing Date Assumed Agreements (the "Cure Amounts").

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 13 of 26

**V.** ~~U.~~ Upon the payment of the applicable undisputed Cure Amount, if any, or the deposit into a reserve of the disputed Cure Amount, if any, (a) none of the Debtor's rights under any Closing Date Assumed Agreement will have been released or waived and all such rights shall vest in the Purchaser free and clear of any and all Encumbrances, (b) the Closing Date Assumed Agreements shall remain in full force and effect and (c) no default shall exist under the Closing Date Assumed Agreements, nor shall there exist any event or condition which, with the passage of time or the giving of notice, or both, would constitute such a default.

**W.** ~~V.~~ The Purchaser has provided adequate assurance of its future performance under the Closing Date Assumed Agreements within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

**X.** ~~W.~~ All findings of fact and conclusions of law announced by the Court at the hearing in relation to the Sale Motion are hereby incorporated herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Sale Motion is GRANTED.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived or settled are hereby OVERRULED on the merits.

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 14 of 26

3. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Purchased Assets and assign the Closing Date Assumed Agreements to the Purchaser, in both cases free and clear of any and all Encumbrances in accordance with the terms of the Asset Purchase Agreement and this Order including, without limitation, (i) the Fleet Lien and the security interest and liens granted in connection with the Debtor in Possession financing approved by the Court's Final Order entered on December 31, 2009 and (ii) (based upon PDVI-IVI's consent) any and all liens, claims, Encumbrances or interests of PDVI-IVI pursuant to Bankruptcy Code § 365(n), a Stand-By License Agreement dated March 15, 2008 or otherwise.

4. The Asset Purchase Agreement is hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting the Debtor and the Purchaser.

5. The Debtor is authorized, empowered and directed to implement and consummate all of the transactions contemplated by the Asset Purchase Agreement (each, collectively, a "Sale"), including, without limitation, to sell the Purchased Assets to the Purchaser and to assume and assign to the Purchaser the Closing Date Assumed Agreements, all on the terms and conditions of the Asset Purchase Agreement, for the purchase price set forth in, and determined in accordance with,

the Asset Purchase Agreement. The Debtor is authorized, empowered and hereby directed to deliver deeds, bills of sale, assignments and other such documentation that may be necessary or requested by the Purchaser in accordance with the terms of the Asset Purchase Agreement to evidence the transfers required by the Asset Purchase Agreement or to consummate the transactions contemplated thereby.

6.      Upon the Closing of the Sale, the Purchaser shall take title to and possession of the Purchased Assets subject only to the applicable Permitted Encumbrances. With the exception of such Permitted Encumbrances, pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Purchased Assets and the Closing Date Assumed Agreements shall be free and clear of any and all Encumbrances, including, without limitation, any claims pursuant to any successor liability or de facto merger theory or cause of action, or the like under applicable bankruptcy or non-bankruptcy law; provided, however, that the Purchaser shall not be relieved of liability with respect to the Assumed Liabilities, including any obligations accruing under the Closing Date Assumed Agreements from and after the Closing Date. Upon the Closing of the Sale, each creditor is directed to execute such documents and take all other actions as may be necessary to release liens and Encumbrances, if any, on the Purchased Assets. All Encumbrances shall attach solely to the proceeds of the Sale with the same validity and priority as they attached to the Purchased Assets immediately prior to the Closing of the Sale.

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 16 of 26

Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Court hereby issues a permanent injunction against the holders of any Encumbrance with respect to assertion of or taking any action to collect or enforce such Encumbrances against the Purchaser.

7.     All entities that are in possession of some or all of the Purchased Assets on the Closing Date are required and directed to surrender possession of such Purchased Assets to the Purchaser or its assignee as soon as possible upon request after the Closing, and this Court shall retain jurisdiction to make such other and further orders as may be necessary to facilitate the orderly delivery of possession to such Purchased Assets.

8.     Except with respect to the NIH 1998 and 2006 Licenses, notwithstanding any other provision in this Order and any related agreements and instruments, including implementing sale documents, any licenses, authorizations, contracts, agreements, grants or other interest between the NIH and the Debtor ("Other NIH Contracts") shall be treated, determined and administered in the ordinary course of business as if the debtor's bankruptcy case were never filed and the Debtor and the Purchaser shall comply with all applicable non-bankruptcy law, federal regulations and statutes with respect to Other NIH Contracts. Moreover, except with respect to the NIH 1998 and 2006 Licenses, nothing in this Order and any related agreements or other instruments, shall be interpreted to set cure

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 17 of 26

amounts or to require the NIH to novate or otherwise consent to the transfer of Other NIH Contracts, and the NIH's rights to offset or recoup any amounts due under, or relating to Other NIH Contracts are expressly preserved.

9.    8. The Purchaser or the Debtor, as applicable under the Asset Purchase Agreement, has provided adequate assurance under section 365(b)(1)(A) and (B) of the Bankruptcy Code that it shall promptly cure undisputed Cure Amounts or reserve sufficient cash to pay disputed Cure Amounts. Upon the Closing of the Sale, the Debtor is authorized to assume and assign each Closing Date Assumed Agreement to the Purchaser free and clear of all Encumbrances. Such payments (if any) of Cure Amounts shall (a) effect a cure of all defaults existing thereunder as of the applicable Closing Date, (b) compensate for any actual pecuniary loss to such non-Debtor party resulting from such default and (c) together with the assumption of the Closing Date Assumed Agreements by the Purchaser, constitute adequate assurance of future performance thereof. The Purchaser shall have assumed the Closing Date Assumed Agreements and, pursuant to section 365(f) of the Bankruptcy Code, the assignment by the Debtor of such Closing Date Assumed Agreements shall not be a default thereunder. Other than the payment of the relevant Cure Amounts by the Purchaser in accordance with the Asset Purchase Agreement, neither the Debtor's estate nor the Purchaser shall have any further liabilities to the non-Debtor parties to the relevant Closing Date Assumed

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 18 of 26

Agreements other than the Purchaser's obligations under the Closing Date Assumed Agreements that become due and payable on or after the Closing Date.

**10.** ~~9.~~ Any provision in any Closing Date Assumed Agreement that prohibits or conditions the assignment of such agreement or allows the party to such agreement to terminate, recapture, impose any penalty, condition on renewal or extension or modify any term or condition upon the assignment of such agreement, constitutes an unenforceable anti-assignment provision that is void and of no force or effect. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Closing Date Assumed Agreements have been satisfied. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title and interest of the Debtor under the applicable Closing Date Assumed Agreement.

**11.** ~~10.~~ Upon the Closing of the Sale and the payment of or reserve for the relevant Cure Amounts, the Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Closing Date Assumed Agreements and the Debtor's estate shall be relieved from all liability on such agreements arising after the relevant Closing.

**12.** ~~11.~~ If the Closing does not occur, the Closing Date Assumed Agreements shall be deemed not to have been assumed by the Debtor (except to

U.S. Bankruptcy Court - Hawaii  #09-02908  Dkt # 208  Filed 08/03/10  Page 19 of 26

the extent that the Debtor has already obtained Bankruptcy Court authorization to assume such agreement(s)) or assigned to the Purchaser. Likewise, if an agreement is removed from the list of Closing Date Assumed Agreements in accordance with the terms of the Asset Purchase Agreement, such agreement shall not be deemed to have been assumed by the Debtor (except to the extent that the Debtor has already obtained Bankruptcy Court authorization to assume such Contract(s)) or assigned to the Purchaser, pursuant to section 365 of the Bankruptcy Code. To the extent an agreement is removed from the list of Closing Date Assumed Agreements in accordance with the terms of the Asset Purchase Agreement, the Debtor shall, within five (5) days of such removal, serve a notice to the non-Debtor parties to such agreement that the Debtor will not seek to assume or assign such agreement to the Purchaser as part of the Sale.

**13.** ~~12.~~ To the extent the Debtor agrees to add an agreement to the list of the Closing Date Assumed Agreements set forth in the Asset Purchase Agreement, the Debtor shall serve a notice to the non-Debtor parties to such agreement that the Debtor seeks to assume and assign the Contract to the Purchaser as part of the Sale (the "Supplemental Cure Notice") and, upon the failure of such non-Debtor party timely to object as provided herein or upon further order of the Court, such agreement shall become a Closing Date Assumed Agreement for purposes of this Order. The Supplemental Cure Notice shall include the proposed Cure Amount for

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 20 of 26

such agreement and a copy of this Order. The non-Debtor parties to such

agreement shall have ten (10) days from the date of service of the Supplemental

Cure Notice (the "Supplemental Deadline") to assert an objection to the

assumption and assignment of such agreement or the proposed Cure Amount for

such agreement. Any such objection must be filed with the Court and served on

the Debtor, counsel to the Debtor and counsel to the Purchaser by the

Supplemental Deadline. If no timely objection is filed and served with respect to a

Supplemental Cure Notice, the assumption and assignment of such agreement and

the related proposed Cure Amount shall be deemed approved, final and effective as

of, and conditioned upon the occurrence of, the Closing Date, pursuant to section

365 of the Bankruptcy Code, without further order of the Court. If a timely

objection is received and the parties are unable to resolve such objection, such

objection will be scheduled to be heard by the Court. Without limiting the

foregoing, this Order shall constitute approval of the assumption and assignment to

the Purchaser of any such agreement free and clear of any and all Encumbrances

and a finding of adequate assurance of future performance by the Purchaser under

sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.

   **14.** ~~13.~~ Except for Assumed Liabilities or as otherwise expressly set forth

in this Order or the Asset Purchase Agreement, the Purchaser shall not have any

liability or other obligation of the Debtor arising under or related to any of the

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 21 of 26

Purchased Assets, including but not limited to the Excluded Liabilities. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Asset Purchase Agreement, the Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or Affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, substantial continuity, and employee benefit and/or welfare plan(s), (including, without limitation, agreements, contracts, plans, policies or obligations related to or concerning medical, vision, disability, or any health related matters), whether known or unknown as of the Closing Date, now existing or hereafter arising, whether asserted or unasserted, fixed or contingent, or liquidated or unliquidated with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of Taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of any of the Purchased Assets prior to the Closing Date, and the Purchaser shall be exonerated of any successor liability to any state taxing authority with regard to any Taxes, including excise tax. The Purchaser has given substantial consideration under the Asset Purchase Agreement for the benefit of the holders of any Liens, claims, Encumbrances, and interests relating to the Purchased Assets.

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 22 of 26

**15.** ~~14.~~ The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

**16.** ~~15.~~ No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to any of the transactions under the Asset Purchase Agreement.

**17.** ~~16.~~ Pursuant to Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately upon entry and the fourteen (14) day stays under such rules are hereby waived.

**18.** ~~17.~~ A Certified Copy of this Order may be filed with the appropriate clerk and/or recorded with the appropriate recorder to act to cancel the liens and other Encumbrances of record with respect to the Purchased Assets.

**19.** ~~18.~~ The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and conditions of the Asset Purchase Agreement and the provisions of this Order.

**20.** ~~19.~~ This Order shall be binding in all respects upon the Debtor's estate, all creditors of, and holders of equity interests in, the Debtor (whether known or unknown), any subsidiaries of the Debtor, including any holders of Encumbrances on the Purchased Assets, all non-Debtor parties to the Closing Date Assumed Agreements, all successors and assigns of the Purchaser, the Debtor and their

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 23 of 26

affiliates and subsidiaries, and any trustee appointed in the Debtor's case. This Order and the Asset Purchase Agreement shall inure to the benefit of the Debtor, the Debtor's estate, the Debtor's creditors, the Purchaser and their respective successors and assigns. The Asset Purchase Agreement and any related agreement(s) shall not be subject to rejection.

**21.** ~~20.~~ This Order is and shall be binding upon and govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Asset Purchase Agreement.

**22.** ~~21.~~ Nothing contained in any other order in this case shall alter, conflict with or derogate from the provisions of the Asset Purchase Agreement, any related agreement or the terms of this Order, including, but not limited to the obligation of the Debtor to pay any amounts due to the Purchaser pursuant to the

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 24 of 26

Asset Purchase Agreement or any transactions contemplated thereby in the time and manner provided in the Asset Purchase Agreement and without further order of this Court.

**23.** ~~22.~~ This Order constitutes authorization under all applicable jurisdictions' versions of the Uniform Commercial Code for the Purchaser to file termination statements under the Uniform Commercial Code with respect to all security interests in or liens on the applicable Purchased Assets.

**24.** ~~23.~~ The failure specifically to include any particular provision of the Asset Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Purchase Agreement be authorized and approved in its entirety.

**25.** ~~24.~~ The Asset Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

**26.** ~~25.~~ This Court shall retain jurisdiction over the transactions contemplated in the Asset Purchase Agreement for purposes of enforcing the provisions of this Order and the Asset Purchase Agreement.

In re Hawaii Biotech, Inc., Debtor, Case No. 09-02908, United States Bankruptcy Court, District of Hawaii; ORDER GRANTING DEBTOR'S MOTIONS TO (I) SELL ASSETS OF THE ESTATE FREE AND CLEAR

~~22427_2.DOC~~
~~{24990989_4.25159~~                                    ~~23~~
                                      ~~{24990989_4.DOC~~-23-

U.S. Bankruptcy Court - Hawaii   #09-02908   Dkt # 208   Filed 08/03/10   Page 25 of 26

OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M) AND (II) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR LEASES PURSUANT TO 11 U.S.C. § 365

22427_2.DOC
[24990989_4.25159

24
[24990989_4.DOC-24-